**KENTUCKY BAR ASSOCIATION,
Complainant,**

v.

**David SPROULL, Respondent.**

**No. 95–SC–321–KB.**

Supreme Court of Kentucky.

July 6, 1995.

Barbara S. Rea, Kentucky Bar Ass'n, Frankfort, for complainant.

William L. Davis, Lexington, for respondent.

## OPINION AND ORDER

The Board of Governors of the Kentucky Bar Association has recommended that respondent be suspended from the practice of law for a period of two years. He was found to be guilty of violation of the canons of professional ethics by engaging in illegal conduct involving moral turpitude; conduct involving dishonesty, fraud, deceit or misrepresentation; and conduct which reflects adversely on the lawyer's fitness to practice law.

Respondent went to work for the Fayette County Attorney's office during the tenure of A. Norrie Wake. He was employed as an Associate County Attorney from January 1986, until August 1993.

During the employment period, respondent agreed to accept an increase in his salary, paid from state funds, and agreed to remit the net salary increase to discharge his employer's accumulated campaign debt. Respondent regularly gave sums of cash, from April 1988, until March 1989, to Robert Clark (Operations Director) with the knowledge and intent that Clark would give the money to A. Norrie Wake.

The respondent was subsequently named an unindicted co-conspirator in certain federal crimes charged against A. Norrie Wake and he testified against his former employer under a grant of immunity from federal prosecution. In July of 1993, Wake was convicted of conspiring with the respondent and others to retire his campaign debt by authorizing substantial salary raises and subsequent kickbacks.

Respondent has argued that the evidentiary record establishes that he did not knowingly intend to violate any law nor engage in any unethical conduct, but was used by other participants in the kickback scheme. The Board of Governors has recommended a two-year suspension and we agree. Although the Board's recommendation is predicated on abundant evidence, it demonstrates a recognition of limited mitigation. This is supported by the evidentiary records involving the various unindicted co-conspirators.

Pursuant to SCR 3.370(9), this Court adopts the decision and recommendation of the Board of Governors as to all matters pertaining to the respondent David Sproull.

THEREFORE, IT IS HEREBY ORDERED as follows:

1. That the respondent David Sproull is hereby suspended from the practice of law in Kentucky for a period of two (2) years. The period of suspension shall commence on the date of entry of this Order and continue until such time as he is reinstated to the practice of law by order of this Court pursuant to SCR 3.510.

2. Respondent is directed to pay the cost of this action in the amount of $746.70.

3. Pursuant to SCR 3.390, respondent shall, within ten (10) days from the date of entry of this Order, notify all clients in writing of his inability to represent them and furnish copies of said letters of notice to the Director of the Kentucky Bar Association.

All concur.

LEIBSON, J., not sitting.

ENTERED: July 6, 1995.

/s/Robert F. Stephens
Chief Justice